IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON EDWARDS, | ) | CASE NO. 1:19 CV 1740 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE FARM INSURANCE CO., *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDA-** |
| Defendants. | ) | **TION TO DISMISS DUE TO** |
| | ) | **FAILURE OF SERVICE OF** |
| | ) | **PROCESS** |

**I.**

Before me is plaintiff Devon Edwards's complaint alleging breach of contract, bad faith, discrimination, and tortious conduct by defendant State Farm Insurance Company and two of the company's executives.[1] Edwards filed his complaint on July 31, 2019. On November 26, 2019, the District Court referred this matter to me for pretrial supervision.

Since the filing of the complaint, Edwards has failed to perfect service on any defendant. The Federal Rules of Civil Procedure require the plaintiff in any lawsuit brought in federal court to complete this important initial step. Therefore, I recommend that Edwards's complaint be dismissed without prejudice, unless he shows cause within two weeks why he has failed to date to perfect service.

---

[1] ECF #1.

## II.

On the same day Edwards filed his complaint, he filed a motion to proceed *in forma pauperis*,[2] which I granted in November 2019.[3]  During that same month, Edwards made his first and only attempt to serve two of the three defendants with the complaint and the summons.[4]  He issued a summons to serve Michael L. Tipsord (State Farm's CEO) and Scott Anderson (a claim examiner) both via the same Illinois post office box.[5]  The same day, the United States Marshal returned service unexecuted, noting that it is not possible to serve process on a post office box.[6]  Edwards did not again attempt service on any of the three defendants.  In fact, there have been no substantive filings since November 2019.  Furthermore, the docket reflects no waiver of service by any of the defendants.

## III.

***Legal Standard.***  If the plaintiff fails to perfect service pursuant to Fed. R. Civ. P. 4(m), the District Court can dismiss the case for failure to prosecute pursuant to Fed. R. Civ. P. 16(f).  In pertinent part, Rule 4(m)  provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[7]

---

[2] ECF #2.
[3] ECF #3.
[4] ECF #4.
[5] *Id.*
[6] ECF #5.
[7] Fed. R. Civ. P. 4 (m).

This rule allows a court discretion to determine whether to dismiss a case automatically or give the plaintiff a chance to perfect service by a certain deadline.[8] The Sixth Circuit preference is to give the plaintiff notice and an opportunity to perfect service.[9] Dismissal must be without prejudice.[10]

When service is not timely perfected pursuant to Rule 4(m), courts in our Circuit consider both notice and cause prior to *sua sponte* dismissal. A judge must ask two questions.  Was the plaintiff given notice that the lack of service may lead to dismissal?[11] If given proper warning, did the plaintiff fail to show cause as to why the case should not be dismissed for lack of service?[12]  A period of two to three weeks is sufficient notice to show cause before I can dismiss the case.[13] When answers to both questions are in the affirmative, dismissal is appropriate.

***Edwards's Delay in Perfecting Service.***  Edwards has already had far more than 90 days to perfect service on all defendants.[14] As this action commenced on July 31, 2019, the clock expired at the end of October 2019, and Edwards had not yet served any defendant.

---

[8] *See, e.g., Taylor v. First Med. Mgmt.*, No. 18-5282, 2019 WL 1313828, at *2 (6th Cir. Feb. 21, 2019) (explaining Fed. R. Civ. P. 4(m) application).

[9] *Reynosa v. Schultz*, 282 F. App'x 386, 393 (6th Cir. 2008).

[10] *Taylor*, 2019 WL 1313828, at *2 (vacating in part the district court's decision because the court improperly dismissed with prejudice).

[11] *See, e.g., Reynosa*, 282 F. App'x at 393 (finding the district court abused its discretion by dismissing a *pro se* plaintiff's complaint for lack of service without giving plaintiff proper notice).

[12] *See, e.g., Taylor*, 2019 WL 1313828, at *2 (holding that "the district court did not abuse its discretion by dismissing the claims against the unserved defendants because [plaintiff] did not make a showing of good cause").

[13] *See, e.g., Harness v. Taft*, 801 F. App'x 374 (6th Cir. 2020) (affirming district court's dismissal, including order to show cause within three weeks).

[14] Fed. R. Civ. P. 4(m).

Even his failed attempt at service was late.  His failure to perfect service means dismissal for failure to prosecute is available.[15] I must now ask whether Edwards had notice that this delay and failure could result in the dismissal of his lawsuit and, if so, whether he has shown cause to justify this failure to prosecute.

For purposes of this Report and Recommendation, I will err on the side of caution and assume Edwards has not yet received notice of possible dismissal.  This Report and Recommendation, however, serves as that notice of the impending dismissal of his case.[16] Edwards will have two weeks from the date of this order to show cause why his lawsuit should not be dismissed. This period of time corresponds to the period for objections to this Report and Recommendation.[17]  If Edwards does not show cause why he failed to perfect service according to Fed. R. Civ. P. 4(m), I recommend that the action against all defendants be dismissed without prejudice.

## IV.

Accordingly, for the reasons above, I recommend that the District Court dismiss without prejudice pursuant to Fed. R. Civ. P. 4(m) all claims Edwards asserts against the

---

[15] Fed. R. Civ. P. 16(f).

[16] *See, e.g.*, *Lewis v. Decker*, No. 1:18-CV-1093, 2019 WL 5275031 (W.D. Mich. Aug. 7, 2019), *report and recommendation adopted*, No. 1:18-CV-1093, 2019 WL 4409451 (W.D. Mich. Sept. 16, 2019), *appeal dismissed*, No. 19-2359, 2020 WL 833856 (6th Cir. Jan. 9, 2020) (stating the "report and recommendation serves as plaintiff's notice of impending dismissal"); *Brown v. Greenfield*, No. 1:18-CV-369, 2019 WL 5228529 (W.D. Mich. Sept. 1, 2019), *report and recommendation adopted*, No. 1:18-CV-369, 2019 WL 5213665 (W.D. Mich. Oct. 16, 2019) (stating the report and recommendation is to serve as "notice of impending dismissal" pursuant to failure to perfect service).

[17] LR 72.3(b).

defendants due to his failure to perfect service on them.  If Edwards responds by August 4, 2020 and shows cause why he failed to perfect service and why his case should not accordingly be dismissed, the District Court should consider extending the period of time for Edwards to complete service of process on the defendants. This Report and Recommendation will serve as Edwards's notice of impending dismissal.


Dated: July 21, 2020                          s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice.  Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

---

[*] *See* LR 72.3(b); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).